LAW OFFICES OF

# JOEL B. RUDIN

200 WEST 57TH STREET
SUITE 900
NEW YORK, NEW YORK 10019

TELEPHONE: (212) 752-7600
FACSIMILE: (212) 980-2968
E-MAIL: jbrudin@aol.com

November 2, 2006

Honorable Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    Su v. City of New York
              <u>06 Civ. 687 (RJD) (CLP)</u>

Dear Judge Pollak:

This case is before the Court regarding pre-trial discovery on November 8, 2006. I am writing to alert the Court before the conference that defendant has not provided any document discovery at this time.

The original deadline for defendant's and plaintiff's responses to discovery requests was September 15, 2006. Defendant asked for more time to respond and I agreed to a new deadline of October 6, 2006. While we provided a complete response by that date, defendant provided nothing. Since then, my office has followed up with John Graziadei, Assistant Corporation Counsel, by telephone and correspondence. We were told we would be provided with documents on a rolling basis but still we have not received any response.

Secondly, we have enclosed for the Court's consideration, an Order that would permit us to disclose statements submitted to the Grievance Committee for the Second and Eleventh Judicial Districts in connection with the complaint made against the Assistant District Attorney who committed the misconduct that is the basis for this case. We sent the proposed Order to Mr. Graziadei on September 29, 2006, and we never heard back from him. Previously, in my discussions with Mr. Graziadei, he indicated that he agreed that the Court should enter such an Order, and defendant has requested the documents in discovery.

I thank the Court for its consideration.

Respectfully submitted,

Joel B. Rudin

BR/sp
Encls.

cc:    John Graziadei, Esq.  (by fax)  (w. encls.)
       Assistant Corporation Counsel
       *Attorney for Defendant*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

SHIH WEI SU,                                    :    **ORDER AUTHORIZING**
                                                     **DISCLOSURE OF**
                          Plaintiff,            :    **RECORDS**

             -against-                          :    06 CV 687 (RJD) (CLP)

CITY OF NEW YORK,                               :

                          Defendant.            :

------------------------------------------------------------x

WHEREAS defendant, City of New York, in its First Set of Interrogatories and

Requests for Production of Documents, dated July 30, 2006, has requested disclosure by

plaintiff of all documents relating to the "incident" underlying Plaintiff's Complaint,

including all documents relating to any complaint plaintiff made to any government

agency in connection with his criminal prosecution by the District Attorney, Queens

County;

WHEREAS, plaintiff is in possession of his complaint to the Grievance Committee

for the Second and Eleventh Judicial Districts, regarding the conduct of the assistant

district attorney who prosecuted his case, the latter's answer, plaintiff's additional

submissions and correspondence, and the determination by the Committee's staff counsel,

on behalf of the Committee, to uphold the complaint and impose the sanction of an

admonition,

WHEREAS, pursuant to New York Judiciary Law Section 90(10), such disciplinary records are "deemed private and confidential" unless the charges are sustained by the justices of the appellate division or are made public by order of the presiding justice of the appellate division with or without notice to the persons or attorneys affected; and

WHEREAS, the parties to this litigation agree that the aforementioned disciplinary materials are essential to the prosecution and to the defense of plaintiff's complaint of federal civil rights violations pursuant to 42 U.S.C. § 1983 and that the interests of plaintiff, defendant and the public in a just and accurate resolution of plaintiff's federal civil rights complaint is superior to and outweighs the State's or any individual's interest in confidentiality under State Judiciary Law Section 90(10), *see King v. Conde*, 121 F.R.D. 180, 187 (E.D.N.Y. 1988) (Weinstein, D.J.) ("the overriding policy is one of disclosure of relevant information in the interest of promoting the search for truth in a federal question case" notwithstanding State confidentiality provisions),

IT IS HEREBY ORDERED,

1) That Plaintiff may disclose to defendant, for use in connection with this litigation, all documents in plaintiff's possession or control which might be subject to the confidentiality restrictions of New York Judiciary Law Section 90(10), and

2) Plaintiff and defendant may use such materials as reasonably necessary for

2

the prosecution or defense of this matter, including at depositions or at trial, and in support of or in opposition to any pretrial motion.

SO ORDERED. _____

HON. CHERYL L. POLLAK
United States Magistrate Judge

Dated:    Brooklyn, New York
          November _____, 2006