LAW OFFICES OF

# JOEL B. RUDIN

200 WEST 57TH STREET
SUITE 900
NEW YORK, NEW YORK 10019

TELEPHONE: (212) 752-7600
FACSIMILE: (212) 980-2968
E-MAIL: jbrudin@aol.com

JOEL B. RUDIN

BENJAMIN C. FISHMAN*
ANNE E. ZERBE*
*ADMISSION PENDING

June 19, 2007

**ECF and Facsimile**

Honorable Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    Su v. City of New York
             06 Civ. 687 (RJD) (CLP)

Dear Judge Pollak:

    This is plaintiff's response to the letter-motion of John Graziadei, Assistant Corporation Counsel, dated June 15, 2007, seeking "clarification" of the court's order dated June 1, 2007, regarding discovery.

### Disciplinary Records

    I agree that the court's intent was to direct disclosure of all records of any disciplinary investigations or actions taken with respect to the prosecutors involved in the cases listed in the addendum to the complaint through the *end* of 1998. I thought, based upon my discussion with Mr. Graziadei before he wrote his letter, that he agreed that was what the Court intended, but in his letter he uses the words "*to* 1998" (emphasis added). The reason it should be cases through the *end* of 1998 is that the D.A.'s Office did not finally disclose the transcripts of the plea and sentencing proceedings involving their witness, Jeffrey Tom, which was the *Brady* material in question, until 1999. Thus, it is plaintiff's theory that the Office's policies and practices with regard to *Brady* disclosure, and disciplining prosecutors involved in *Brady* violations or the misleading of the court, is clearly relevant *at least* through the end of 1998. (We reserve the right to seek additional disclosure for the subsequent period, but have agreed not to press for that at the present time.)

### Lawsuits

My recollection (and that of my associate, Sascha Puritz) is that the court verbally directed what the order reflects: disclosure of the items demanded in Document Request No. 14, which include the docket number, caption and disposition, and a copy of the complaint, of civil actions alleging specified constitutional violations by members of the Queens D.A.'s Office. I understand from Mr. Graziadei that his office may only have the captions and index numbers readily available in a database. However, that is not to say that the dispositions and complaints are not available with reasonable effort from files maintained at the D.A.'s Office or from the individual case files maintained by Corporation Counsel. I propose that the court leave the order as is and that Mr. Graziadei be granted leave to apply for relief from the order if compliance would be unduly burdensome. However, it would certainly seem to be less burdensome on the City to provide the dispositions and complaints from its own files than to force plaintiff to retrieve them from archived court files.

### Verbal Admonishments

I thought it was clear that plaintiff is seeking disclosure of all instances of discipline imposed verbally *upon which the defendant will rely in its defense*, so that plaintiff can seek further discovery, including depositions. We only seek disclosure of instances of verbal discipline or admonishment to the extent defendants may rely upon same as part of their defense. There is no need for defendants to track down hundreds of former employees if they do not intend to rely on their recollections of alleged verbal discipline or admonishments. To the extent that the defendant does not disclose verbal admonishments upon which they intend to rely in its defense, it should be precluded from offering such evidence at trial.

We strongly take issue with defendant's suggestion that providing the names of the supervisors of the 70 or so line assistants involved in the *Brady* and related violations would suffice. We should not have to engage in an inordinately expensive and enormously time-consuming process of taking the depositions of perhaps dozens of supervisors to uncover any verbal admonishments they may claim to have administered; that would truly be unduly burdensome in this civil rights lawsuit. The burden plainly should be on the *defendant* to provide notice of any verbal admonishments upon which it will rely in its defense. We were entitled to request that in discovery and did, and the court was correct in directing it. As noted above, to the extent defendants will not be relying upon such alleged instances in its defense, they do not have to disclose them.

LAW OFFICES OF
## JOEL B. RUDIN

Thank you for your Honor's attention to this matter.

Respectfully submitted,

Joel B. Rudin

JBR/tp

cc: John H. Graziadei, Esq. (by e-mail)
Assistant Corporation Counsel