LAW OFFICES OF

# JOEL B. RUDIN

200 WEST 57TH STREET
SUITE 900
NEW YORK, NEW YORK 10019

TELEPHONE: (212) 752-7600
FACSIMILE: (212) 980-2968
E-MAIL: jbrudin@aol.com

JOEL B. RUDIN

BENJAMIN C. FISHMAN*
ANNE E. ZERBE*
*ADMISSION PENDING

June 28, 2007

**FACSIMILE & ECF**

Honorable Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    Su v. City of New York
              06 Civ. 687 (RJD) (CLP)

Dear Magistrate Judge Pollak:

      I regret to inform your Honor that the City still has not provided any of the document disclosure required by the court's order of June 1, 2007 (copy attached), even though production on a rolling basis was supposed to begin no later than June 22. The following are the circumstances:

      Plaintiff's document and interrogatory requests were served in July, 2006. My letter to the court dated May 29, 2007, details the difficulties thereafter in obtaining compliance.

      On June 1, Mr. Graziadei confirmed at the conference that he would provide certain documents, including documents for which an unsealing order was required, and the court subsequently signed such an order. None of these documents have been provided to date.

      As for additional records concerning the disciplining of certain Queens ADAs and certain of their personnel files, the parties disagreed as to the appropriateness of a confidentiality order. To move discovery ahead, your Honor proposed, and *both sides agreed*, that the City would disclose the documents subject to an order which permitted the plaintiff at a later time to challenge the City's designation of certain documents as

confidential if, in plaintiff's view, after seeing the documents, there was no "good cause" for the sealing. It is possible that, after seeing defendant's documents, plaintiff will not seek to challenge their confidentiality, and thus this procedure might avoid unnecessary litigation.

On Friday, June 22, Mr. Graziadei informed me that the initial set of documents were ready to be disclosed, but because of the lateness of the hour I agreed to disclosure on Monday, June 25. On June 25, Mr. Graziadei, for the first time, sent a proposed confidentiality order to the undersigned. A copy is attached. I objected to certain provisions in a letter dated June 26, copy attached.

Our main objections are that the proposed order does not allow for plaintiff to challenge a confidentiality designation at all, does not acknowledge the case law under which it is defendant's burden to establish "good cause" for such a designation, does not acknowledge the court's inherent authority to permit disclosure of documents initially disclosed confidentially, and requires plaintiff to vet, through defendant, any and all documents he subsequently obtains through subpoena from *third parties*, so that *defendant* may decide whether such documents, too, should be kept confidential.

On June 27, I discussed these issues with Mr. Graziadei and it became evident that we could not agree. I informed him that I was leaving on vacation June 29 and he promised to respond formally by today, but he has not done so. There has been far too much delay in this case already and so I am writing the court now to request its intervention in resolving this dispute. A status conference is presently scheduled for July 18 at 10:30 a.m. I will return from vacation on July 10. Thank you.[1]

Respectfully submitted,

Joel B. Rudin

JBR/tp
Encls.

---

[1] Two other related matters are also pending before your Honor: plaintiff's request for an amended briefing schedule concerning the attorney-client privilege issue plaintiff has raised, and defendant's request for clarification of the court's order of June 1.

cc: John Graziadei, Esq. (w/o encls.) (by e-mail)
     Assistant Corporation Counsel

**US MAGISTRATE JUDGE CHERYL L. POLLAK**

DATE: 6/1/07

TIME SPENT: 2.0 HR

DOCKET NO. 06 cv 687 (RJD)

CASE: Su v City of NY

- ☑ INITIAL CONFERENCE
- ☑ DISCOVERY CONFERENCE
- ☐ SETTLEMENT CONFERENCE
- ☑ OTHER/STATUS CONFERENCE
- ☐ FINAL/PRETRIAL CONFERENCE
- ☐ TELEPHONE CONFERENCE

**MANDATORY DISCLOSURE:**

___ COMPLETED       ___ DATE TO BE COMPLETED BY

FOR PLAINTIFF: _____

FOR DEFENDANT: _____

___ DISCOVERY TO BE COMPLETED BY _____

___ NEXT CONFERENCE SCHEDULED FOR _____

___ JOINT PRE-TRIAL ORDER TO BE SUBMITTED TO CLERK'S OFFICE BY _____

PL. TO SERVE DEF. BY: _____       DEF. TO SERVE PL. BY: _____

**RULINGS: PLEASE TYPE THE FOLLOWING ON DOCKET SHEET**

Pls counsel to produce prior criminal attorney's files (not public docs) for in camera review by June 8; Martone files — June 15

Df to produce on rolling basis (1st group — 6/22, 2d group 7/7):
① records re cases listed in cmpl. to 1998
② personnel records (limited to evaluations & salary) for prosecutors in above cases to 1998
③ list of witnesses who gave verbal admonishments to ADAs

(4) 30(b)(6) witness re training, investiga + disciplinary recommendations to 1998

(5) with respect to ADA Rosero same docs as in #2 plus any specific training records

(6) check to see if D.A. has correspond file with letters to Discipl. Committee to 1998

(7) Pls. request No. 14 - lawsuits to 1998 to be produced

(8) Parties to enter into conf. order subject to objection as to specific designat.

Conference 7/18 at 10:30

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
SHIH WEI SU,

          Plaintiff,

-against-

THE CITY OF NEW YORK,

          Defendant.

------------------------------------------------------------------- x

**STIPULATION AND PROTECTIVE ORDER**

06 CV 687 (RJD) (CLP)

  **WHEREAS**, plaintiff has requested that the City of New York provide information and disclose documents pertaining to the salary histories, evaluation histories, and disciplinary matters of Assistant District Attorneys; and

  **WHEREAS**, defendant deems this information and these documents confidential; and

  **WHEREAS**, defendant objects to the disclosure of this information and production of these documents unless appropriate protection for their confidentiality is assured;

  **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorneys for plaintiff and defendant as follows:

  1.  As used herein, "Confidential Materials" shall mean the salary histories, evaluation histories, records reflecting disciplinary matters, personnel records, and any other documents that the defendants may in the future in good faith deem "confidential materials" pursuant to this Order because of privacy, law enforcement or governmental interests, except that such documents and information shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are (a) obtained by plaintiff from sources other than defendant, or (b) are otherwise publicly available.

2. The defendant shall designate in good faith particular documents "Confidential Materials" by labeling such documents "Confidential" and/or by designating such documents by Bates number in a writing directed to plaintiff's counsel. The defendant shall have a reasonable time to inspect and designate as "Confidential Materials" documents sought by subpoena from third parties, and such documents, if produced to plaintiff, shall be treated as "Confidential Materials" during such reasonable period. The defendant reserves the right to designate any documents confidential pursuant to this agreement if necessary after production of such documents to the plaintiff. If plaintiff objects to the designation of particular documents as "Confidential Materials," plaintiff shall state such objection in writing to the defendants, and the parties shall endeavor in good faith to resolve such objection. If such objection cannot be resolved, then defendants shall, within ten (10) days of receiving plaintiff's objections, move for an order approving such designation.

3. Plaintiff's attorneys shall not use the Confidential Materials for any purpose other than for the preparation or presentation of the case entitled <u>Shih Wei Su v. City of New York</u>, 06 CV 687 (RJD) (CLP) ("this action").

4. Plaintiff's attorneys shall not disclose the Confidential Materials to any person not a member of the staff of their law office, except under the following conditions:

    a. Disclosure may be made only if necessary to the preparation or presentation of their cases in this action.

    b. Disclosure before trial may be made only to the parties, to an expert or experts who has or have been retained or specially employed by their attorneys in this action in anticipation of litigation or preparation for this action, to a witness at deposition,

or to the Court. In the event a conflict arises between the parties as to whether plaintiff may show the Confidential Materials to a potential deponent, or other person whom counsel reasonably believes may have knowledge of the information described or referred to in the Confidential Materials, plaintiff agrees not to do so until such time that the parties can obtain a ruling from the Court in this regard.

c. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), plaintiff's attorneys shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as <u>Exhibit A</u>, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by plaintiff's attorneys and copies provided to counsel for defendant.

5. Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall at defendants request to the reporter, be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

6. If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be delivered to the Court enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

**<u>CONFIDENTIAL</u>**

This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court for the Eastern District of New York in the above-captioned action. This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this case.

7. However, where the confidential information is not material to issues addressed in court submissions and the parties agree that the redaction of personal, confidential and/or identifying information would be sufficient to protect the interests of parties or non-parties, the parties may file redacted documents without further order of the Court.

8. In addition, where advance notice is given by plaintiff and the parties agree that the confidential information is being used in support of a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure by plaintiff or is being produced at a trial on the merits in this matter, after due consideration to its admissibility has been made by the Court, such information will not be subjected to the instant protective order and will be made available to the public so long as social security numbers, home addresses, telephone numbers and family names are redacted and/or remain confidential.

9. Within 30 days after the termination of this case, including any appeals, the Confidential Materials, including all copies, and all nonconforming copies, notes, and other

materials containing or referring to information derived therefrom, shall, upon defendant's request, be returned to defendant's attorneys or, upon their consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to defendant's attorneys.

       10. Nothing in this Stipulation and Protective Order shall be construed to limit defendant's use of the Confidential Materials in any manner.

Dated:      New York, New York
               June 25, 2007

| | |
|---|---|
| JOEL B. RUDIN, <br> Attorney for the Plaintiff <br> 200 West 57th Street, Suite 900 <br> New York, New York 10019 <br> (212) 752-7600 | MICHAEL A. CARDOZO <br> Corporation Counsel of the <br>   City of New York <br> Attorney for Defendant <br> 100 Church Street, Room 3-152 <br> New York, New York 10007 <br> (212) 442-3551 |
| By: _____ <br>     JOEL B. RUDIN, ESQ.(     ) | By: _____ <br>     JOHN H. GRAZIADEI (JG 1333) <br>     Assistant Corporation Counsel |

SO ORDERED:

_____
HONORABLE CHERYL L. POLLAK
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

The undersigned hereby acknowledges that he has read the Stipulation and Protective Order entered in the United States District Court for the Eastern District of New York on _____, 2007 in the action entitled <u>Shih Wei Su v. City of New York</u>, 06 CV 687 (RJD) (CLP), and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____       _____
Date                                                                   Signature

                                                                   _____
                                                                   Print Name

                                                                   _____
                                                                   Occupation

LAW OFFICES OF
# JOEL B. RUDIN

200 WEST 57TH STREET
SUITE 900
NEW YORK, NEW YORK 10019

TELEPHONE: (212) 752-7600
FACSIMILE: (212) 980-2968
E-MAIL: jbrudin@aol.com

JOEL B. RUDIN

BENJAMIN C. FISHMAN*
ANNE E. ZERBE*
*ADMISSION PENDING

June 26, 2007

**Facsimile and E-Mail**

John H. Graziadei, Esq.
Special Assistant Corporation Counsel
City of New York Law Department
100 Church Street
New York, New York 10007

> Re:  Shih-Wei Su v. City of New York
>      06 Civ. 687 (RJD) (CLP)

Dear Mr. Graziadei:

I am writing to follow up on our telephone conversation yesterday concerning your proposed confidentiality stipulation.

In ¶ 1, I request deletion of the reference to "privacy, law enforcement or governmental interests" as too vague and broad and would substitute, after "because": "they are protected by privilege or privacy concerns..."

In ¶ 2, please delete the second and third sentences, as this stipulation concerning your client's production of documents has no bearing and cannot restrict or condition plaintiff's right to subpoena documents from third parties and, if any third party is a City agency, you will be in a position to move to quash or for a confidentiality order.

In ¶ 8, delete, from the first line, "the parties agree that." I agree to the insertion of language to the effect that if plaintiff intends to move for summary judgment in reliance upon materials designated as confidential that plaintiff will serve you with his papers at least 21 days in advance of filing so you will have the opportunity to move for filing under seal of all or part of such motion papers.

Insert the following after ¶ 8:

> "If plaintiff objects to defendant's designation of any document or documents as "Confidential Material" pursuant to this Order, plaintiff may apply to the court, on reasonable notice to defendant, for an order exempting such document or documents from the restrictions of this Order. The burden in such event shall be on defendant to show by a preponderance of the evidence that there is good cause for the material to have such protection under the standards that apply pursuant to the Federal Rules of Civil Procedure and 42 U.S.C. § 1983. Nothing in this agreement abridges the court's inherent authority, after reasonable notice to all affected parties, to order or permit disclosure of documents designated by defendant as "Confidential Material" under this Order."

(The burden to show good cause should be on defendant as this would be the burden if we litigated, before disclosure, your client's application for a protective order.)

In ¶ 9, delete "upon their consent," so that it will be plaintiff's option whether to return or to destroy covered materials. Also, insert, at the end of the paragraph, the following: "This paragraph shall not apply to documents that have been disclosed in public filings or public proceedings or have been exempted by court order from the scope of this Order."

Very truly yours,

Joel B. Rudin

JBR/tp