

MICHAEL A. CARDOZO
Corporation Counsel

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

JOHN H. GRAZIADEI
Senior Counsel
Telephone: *(212) 442-3551*
Facsimile: *(212) 788-9776*

June 28, 2007

**BY ECF AND FACSIMILE**
Honorable Cheryl L. Pollak
Eastern District of New York
225 Cadman Plaza East
New York, New York 10007

Re: *Shih Wei Su v. City of New York*, 06 CV 687 (RJD) (CLP)

Your Honor:

Defendant writes in response to plaintiff's June 28, 2007 letter to the Court concerning defendant's proposed Stipulation and Confidentiality Order. At the outset, defendant notes that the only issue preventing defendant from producing clearly sensitive information in the form of Assistant District Attorney salary histories, performance evaluations, and disciplinary histories has been plaintiff's rejection of defendant's proposed Stipulation and Protective Order. Defendant therefore respectfully requests that Your Honor endorse the attached proposed Protective Order. Should the Court elect not to endorse the attached proposed Order, defendant requests a protective order pursuant to Fed. R. Civ. P. 26(c) staying the production of the highly sensitive salary, performance, and disciplinary histories of Assistant District Attorneys and a briefing schedule so that this issue may be fully resolved in advance of their disclosure.

On June 1, 2007, the Court acknowledged the readily apparent sensitivity of the discovery sought by plaintiff and ordered that the documents shall be kept confidential. The Court further ordered the parties to enter into a Stipulation of Confidentiality. Accordingly, defendant proposed to plaintiff its standard Stipulation and Protective Order and, although defendant's proposed Stipulation and Protective Order was previously considered and endorsed by Your Honor in *Blake v. Race, et al.*, 01 CV 6954 (SJ) (CLP), plaintiff's counsel in this case rejected it. By letter dated June 26, 2007, which was received yesterday, plaintiff demanded substantial modifications. While defendant was evaluating plaintiff's positions, plaintiff wrote to the Court before the issues could be resolved by the parties.

Plaintiff's June 26 and June 28 letters present multiple concerns, although none are valid. First, plaintiff complains in his June 28, 2007 letter to the Court that "the proposed order does

not allow for plaintiff to challenge a confidentiality designation at all." That concern is belied by paragraph two of the proposed Order, which plaintiff attached to his letter to the Court, wherein that very process was clearly established.

Second, plaintiff complains that the proposed order does not "acknowledge the case law under which it is defendant's burden to establish 'good cause' for such a designation." Strangely, plaintiff's position is that good cause has not been established to protect the confidentiality of the sensitive personnel records at issue, which concern the salaries, performance evaluations, and disciplinary histories of Assistant District Attorneys, and that such good cause must necessarily be demonstrated at a future point in the litigation to justify confidentiality. Plaintiff's position – which was clearly designed to obviate the protective power of this Stipulation and Order – is further advanced by plaintiff in his proposed modification to paragraph 8, pursuant to which plaintiff's challenge to any designation of confidentiality automatically results in litigation and shifts the burden of re-demonstrating "good cause" to the defendant.

Plainly stated, plaintiff seeks a Stipulation and Protective Order that precludes him from disclosing highly personal and sensitive information only until he desires to disclose it, at which point the Stipulation would effectively be rendered powerless. Such a position was not contemplated by defendant or ordered by the Court at the June 1, 2007 conference.

Defendant is well aware of the pitfalls that result from not clearly establishing the boundaries of a confidentiality stipulation *prior* to the production of sensitive information. Accordingly, defendant has attached to this letter a proposed Protective Order for Your Honor's endorsement. Should the Court elect not to endorse the attached proposed order, defendant requests a protective order pursuant to Fed. R. Civ. P. 26(c) staying the production of the salary, performance, and disciplinary histories of Assistant District Attorneys and a briefing schedule so that this issue may be fully resolved in advance of disclosure.

Respectfully submitted,

John H. Graziadei (JG 1333)
Senior Counsel
Assistant Corporation Counsel

cc: Joel B. Rudin, Esq.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

SHIH WEI SU,

                                          Plaintiff,

            -against-

THE CITY OF NEW YORK,

                                          Defendant.

------------------------------------------------------------------- x

**PROTECTIVE ORDER**

06 CV 687 (RJD) (CLP)

        **WHEREAS**, preparation for trial and trial of the above-captioned action (the "Action") may require the discovery, production, and use of documents that contain information deemed confidential or otherwise deemed inappropriate for public disclosure; and

        **WHEREAS,** good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

        **NOW, THEREFORE, IT IS HEREBY ORDERED** as follows:

        1.     As used herein, "Confidential Materials" shall mean the salary histories, evaluation histories, records reflecting disciplinary matters, personnel records, and any other documents that the defendants may in the future in good faith deem "confidential materials" pursuant to this Order because they are protected by privilege, privacy concerns, and governmental interests, except that such documents and information shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are (a) obtained by plaintiff from sources other than defendant, or (b) are otherwise publicly available.

        2.     Plaintiff's attorney shall not disclose the Confidential Materials to any person not a member of the staff of their law office, except under the following conditions:

a. Disclosure may be made only if necessary to the preparation or presentation of plaintiff's case in this action.

b. Disclosure before trial may be made only to plaintiff, to an expert who has been retained or specially employed by plaintiff's attorney in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court.

c. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), plaintiff's attorney shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by plaintiff's attorney and a copy shall be furnished to defendants' attorneys upon their request. Consents signed by consulting experts (experts who are consulted but who will not be called as a witness at trial) shall, if requested by defendants, be furnished to defendants' attorneys with the name of the expert redacted. The party for whom a consulting expert has reviewed Confidential Materials shall hold in escrow original consents signed by such expert.

4. Defendant shall designate in good faith particular documents "Confidential Materials" by labeling such documents "Confidential Materials" and/or by designating such documents confidential in a writing directed to plaintiff's counsel. The

defendant shall have a reasonable time to inspect and designate as "Confidential Materials" documents sought by subpoena from third parties, and such documents, if produced to plaintiff, shall be treated as "Confidential Materials" during such reasonable period. Defendant reserves the right to designate any documents "Confidential Materials" pursuant to this agreement if necessary after production of such documents to the plaintiff. If plaintiff objects to the designation of particular documents as "Confidential Materials" plaintiff shall state such objection in writing to defendant, and the parties shall endeavor in good faith to resolve such objection. If such objection cannot be resolved, then defendant shall, within ten (10) business days of receiving plaintiff's objections, move for an order approving such designation.

5. Deposition testimony concerning any Confidential Materials which reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

6. If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be delivered to the Court enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

### CONFIDENTIAL

> This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court for the Eastern District of New York in the above-captioned action. This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be

maintained separate and apart from the publicly available files of this case.

7. Within 30 days after the termination of this case, including any appeals, the Confidential Materials, including all copies, notes, and other materials containing or referring to information derived therefrom, shall be returned to defendant's attorneys. Privileged matter resulting from plaintiff's or plaintiff's counsels' use of Confidential Materials shall be destroyed and plaintiff's counsel shall provide to defendants' attorney an affidavit of such destruction. All persons who possessed such materials shall verify their return or destruction by affidavit to defendant's attorneys.

8. In addition, where advance notice is given by plaintiff and the parties agree that the confidential information is being used in support of a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure by plaintiff or is being produced at a trial on the merits in this matter, after due consideration to its admissibility has been made by the Court, such information will not be subjected to the instant protective order and will be made available to the public so long as social security numbers, home addresses, telephone numbers and family names are redacted and/or remain confidential.

9. Nothing in this Stipulation and Protective Order shall be construed to limit defendant's use of the Confidential Materials in any manner.

Dated:   New York, New York
         June _____, 2007

SO ORDERED:

_____
HONORABLE CHERYL L. POLLAK
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

The undersigned hereby acknowledges that he has read the Stipulation and Protective Order entered in the United States District Court for the Eastern District of New York on _____, 2007 in the action entitled *Shih Wei Su v. City of New York*, 06 CV 687 (RJD) (CLP), and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____          _____
            Date                                       Signature

                                         _____
                                                     Print Name

                                         _____
                                                     Occupation