LAW OFFICES OF

# JOEL B. RUDIN

200 WEST 57TH STREET

SUITE 900

NEW YORK, NEW YORK 10019

TELEPHONE: (212) 752-7600
FACSIMILE: (212) 980-2968
E-MAIL: jbrudin@aol.com

JOEL B. RUDIN

BENJAMIN C. FISHMAN
ANNE E. ZERBE

November 7, 2007

**ECF and Facsimile**

Honorable Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    Su v. City of New York
              06 Civ. 687 (RJD) (CLP)

Dear Judge Pollak:

      I am writing to request the Court's intervention due to defendant City of New York's continuing failure to comply with your Honor's discovery orders as well as the City's own commitments. At the request of defense counsel, John Graziadei, I have postponed sending this letter several times to give him the opportunity to provide the discovery in question, but there has been no such progress of late and your Honor's intervention clearly is required.

      This action was filed February 16, 2006. Plaintiff's first set of document requests and interrogatories were served July 19, 2006. On May 29, 2007, I wrote your Honor to set forth the discovery the parties had agreed on and our differences. On June 1, 2007, following a conference, your Honor ordered the City to provide on a rolling basis certain *Monell*-related discovery by July 7. After the parties requested certain clarification or reconsideration, the Court issued a second Order, dated August 7, 2007, which directed the City to produce "[a]ll records ... on or before August 24, 2007," and to prepare an amended confidentiality agreement as to such records. The court held a telephone conference on September 17, 2007, to address a defect in the confidentiality agreement the defendant had submitted.

      The City did not provide any of the personnel records of the Queens District Attorney's Office until September 11, 2007. Besides omitting certain categories of materials, and making certain unauthorized redactions, which I discuss below, the City failed to provide

the requisite list of trial attorneys who were assigned to the 73 reported cases of prosecutorial misconduct that were the subject of the court's discovery order. On October 3, 2007, the City finally provided this list, but it has not provided any of the following despite my numerous written and verbal requests.

## Materials Still Not Provided

1. **Revised Confidentiality Order.**

2. **Records of lawsuits.**

    The court's orders granted Plaintiff's Document Request No. 14 and ordered disclosure of the docket number, caption and disposition, and a copy of the complaint, of all lawsuits brought against the Queens D.A.'s Office and/or individual ADAs for specified types of prosecutorial misconduct and filed between January 1, 1986 and December 31, 1998.

3. **Incomplete disclosure of personnel and disciplinary records of prosecutors involved in the 73 cases decided on or before December 31, 1998.**

    The court ordered all such records disclosed without any redactions or withholdings. The City has done the following:

    a. Disclosed evaluations and payroll/promotional records, **but withheld or redacted all records that were created after December 31, 1998**, including those of the prosecutor of plaintiff Su, former ADA Linda Rosero. As a result, it is impossible for plaintiff to know what action, if any, was taken regarding Ms. Rosero after her misconduct was revealed that year or after the Second Circuit vacated the conviction in 2003, or regarding other prosecutors involved in the later court decisions (in 1997 and 1998).

    b. No letters or records of disciplinary investigations or action as to a single prosecutor were disclosed.

        c.    As to a major violator, ADA Daniel McCarthy, who allegedly was responsible for the egregious misconduct found in *People v. Steadman/Blair*, 82 N.Y.1 (1993) (supervisory policy of keeping from trial prosecutors knowledge of deals with their cooperating witnesses made by other prosecutors so they could deny knowledge of such deals), only two pages of records were disclosed, and no explanation for the missing documents was provided.

4.    **List of Witnesses Who Gave Verbal Admonishments to ADAs for Misconduct.**

5.    **30(b)(6) witness concerning training and discipline.**

6.    **Specific training records as to Linda Rosero.**

7.    **District Attorney and Police files regarding Jeffrey Tom, the cooperating witness who gave the false testimony denying a deal with the D.A. that is the subject of this lawsuit.**

8.    **Plaintiff's Document Request No. 11 (documents of disciplinary investigations or action regarding other prosecutors during the relevant time period).**

Plaintiff's Document Request No. 11 asked for all records of the D.A.'s Office, from January 1, 1986, through December 31, 2005, regarding disciplinary investigations or actions taken regarding prosecutors who were the subject of misconduct allegations involving *Brady* violations, or using or failing to correct false or misleading evidence or argument.

The City's response objected to this request, but then stated that it was "continuing to search for information responsive to this request which is dated before February 25, 1992 and will supplement this response if and when such information becomes available upon the execution of a stipulation of confidentiality." My letter to the court dated May 29, 2007, following my discussion with Mr. Graziadei, represented that the latter had agreed to comply

with our request through February 25, 1992. At the conference on June 1, 2007, the Court directed that *Monell* discovery regarding disciplinary matters extend to matters through December 31, 1998.

Defendants now take the position, notwithstanding their earlier position, that they need not respond to this document request at all, because it was not mentioned in the court's order. But the reason it is not mentioned in the court's order is that, as my letter indicated, defendant had agreed to comply through 1992, pending the court's determination of whether discovery should extend through a later date, and once the court directed that the date should be December 31, 1998, defendant's obligation was clear and undisputed.

It hardly makes sense for defendant to be required to disclose "verbal" discipline, but not discipline reflected in documents. We would agree to limit our request to documents which the defendant City may introduce at trial as evidence of disciplinary action taken in matters other the 73 listed cases decided through December 31, 1998. To the extent such disclosure does not occur, the City should be precluded from presenting any such evidence.

Plaintiff respectfully requests that appropriate sanctions be ordered due to defendant's failure to comply with the Court's orders or defendant's prior commitments. Specifically, we request that defendant's answer be stricken with respect to plaintiff's allegations that the City had unlawful policies, customs or practices concerning its constitutional obligations to disclose evidence favoring the defense under *Brady*, not to rely upon false or misleading evidence or argument, and to correct the same, and that such unlawful policies, customs or practices caused plaintiff's injuries. Alternatively, defendant should be given a date certain to comply with its obligations, or else its answer will be stricken, and/or it will be precluded from offering any evidence at trial not disclosed by such deadline.

I am of course available at the Court's convenience to discuss these matters further.

Respectfully submitted,

Joel B. Rudin

JBR/tp

cc:  John Graziadei, Esq.
    Attorney for Defendants