US MAGISTRATE JUDGE CHERYL L. POLLAK

DATE: 11/13/07
TIME SPENT: 1.0 hr

DOCKET NO. 06 CV 687 (RJD)
CASE: Su v City of NY

____ INITIAL CONFERENCE
____ DISCOVERY CONFERENCE
____ SETTLEMENT CONFERENCE
✓ OTHER/STATUS CONFERENCE
____ FINAL/PRETRIAL CONFERENCE
____ TELEPHONE CONFERENCE

**MANDATORY DISCLOSURE:**

____ COMPLETED  ____ DATE TO BE COMPLETED BY

FOR PLAINTIFF: _____

FOR DEFENDANT: _____

____ DISCOVERY TO BE COMPLETED BY _____
✓ NEXT CONFERENCE SCHEDULED FOR 1/9 @ 2:00PM (NOTE: new date)
____ JOINT PRE-TRIAL ORDER TO BE SUBMITTED TO CLERK'S OFFICE BY _____

PL. TO SERVE DEF. BY: _____     DEF. TO SERVE PL. BY: _____

RULINGS: **PLEASE TYPE THE FOLLOWING ON DOCKET SHEET**

Discovery motion resolved
See Order

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

SHIH WEI SU,

                Plaintiff,                      **O R D E R**

      - against -                                  06 CV 687 (RJD)

CITY OF NEW YORK, et al.,

                Defendants.

-----------------------------------------------------------X

By letter dated November 7, 2007, plaintiff seeks the Court's intervention in several discovery-related matters. Having considered both plaintiff's letter and defendants' responsive letter dated November 12, 2007, the Court issued the following rulings in a telephone conference held on November 13, 2007:

1) Defendants shall amend paragraphs 5 and 7 of the proposed Confidentiality Order to reflect the changes discussed and agreed to during the conference.

2) By November 19, 2007, defendants are Ordered to provide to plaintiff a listing by caption and docket number of any lawsuits brought between January 1, 1986 and December 31, 1998 against the Queens District Attorney's Office or individual members of that Office alleging constitutional violations. By December 7, 2007, defendants are Ordered to produce a copy of the complaint and disposition of these lawsuits.

3) With respect to the personnel and disciplinary records of the prosecutors involved in the 73 cases appended to plaintiff's Complaint, the Court Orders defendants to produce the following documents by December 7, 2007:

a) all such records created on or before December 31, 2000;

b) all such records relating to Linda Rosero created on or before her departure from the Queens District Attorney's Office;

c) an affidavit from an individual with knowledge of the record-keeping procedures of the Queens District Attorney's Office explaining why more records were not located from the file of Assistant District Attorney Daniel McCarthy.

4) By December 7, 2007, defendants are Ordered to identify the 30(b)(6) witnesses that they intend to offer concerning training and discipline.

5) By December 7, 2007, defendants are to identify any other witnesses that they intend to call to testify regarding discipline of any kind administered by the Queens District Attorney's Office or to indicate that defendants will not be calling any such witnesses at trial.

6) By November 21, 2007, defendants are Ordered to produce the District Attorney's Office and Police files regarding Jeffrey Tom.

6) If defendants intend to rely on witness(es) to testify about disciplinary actions or investigations pertaining to Brady violations by prosecutors not included in the 73 cases appended to plaintiff's Complaint, defendants are Ordered to produce documents relating to these actions or investigations by December 7, 2007.

Although the Court recognizes that both counsel have busy schedules, the plaintiff's requests in this matter have, in some instances, been pending since at least July 2007, and indeed, these requests have been the subject of several conferences, resulting in at least one Order issued by this Court on August 7, 2007, which required the City to comply. With this latest extension, defendants will have been given over five months to comply. That amount of time is clearly well

2

beyond the time allotted by Fed. R. Civ. P. 34 and the defendants' continued inability to comply simply demonstrates that insufficient resources have been dedicated to this case by the Corporation Counsel's Office.

Therefore, should defendants fail to comply with this Order, the Court will impose Rule 37 sanctions on the Corporation Counsel's Office.

**SO ORDERED.**

Dated: Brooklyn, New York
       November 14, 2007

Cheryl L. Pollak<br>
United States Magistrate Judge