LAW OFFICES OF

# JOEL B. RUDIN

200 WEST 57TH STREET
SUITE 900
NEW YORK, NEW YORK 10019

TELEPHONE: (212) 752-7600
FACSIMILE: (212) 980-2968
E-MAIL: jbrudin@aol.com

JOEL B. RUDIN

BENJAMIN C. FISHMAN
ANNE E. ZERBE

April 17, 2008

**FACSIMILE & ECF**

Honorable Cheryl L. Pollak
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: Shih-Wei Su v. City of New York
     06 Civ. 687 (RJD) (CLP)

Dear Judge Pollak:

  A conference regarding scheduling depositions is to be held before your Honor on April 21, 2008, at 9:30 a.m., along with a 9:00 a.m. hearing on the order to show cause for disclosure of Queens grand jury minutes. I am writing to alert your Honor to an additional document discovery issue that needs to be resolved: whether plaintiff's counsel will be permitted to inspect the Queens District Attorney's file in the prosecution of plaintiff, Shih-Wei Su.

  Plaintiff requested disclosure of the complete D.A.'s file in his document demand dated July 19, 2006, and defendant's response agreed to provide any document from the file upon request, and provided a list of what purported to be the complete contents of the file, without asserting any privilege of any kind. This list did not include the file jacket, on which A.D.A.s make notes of each court appearance in the case; nor did it include any internal memoranda, nor any handwritten notes, even though litigation in this case went on for twelve years, including a full trial.

LAW OFFICES OF
**JOEL B. RUDIN**

Honorable Cheryl L. Pollak
April 17, 2008
Page 2

  Thereafter, notwithstanding that the City had produced what it represented to be the complete contents of the D.A.'s file in the separate prosecution of People's witness Jeffrey Tom, upon plaintiff's application your Honor ordered that plaintiff be permitted to inspect the original file, and my inspection revealed numerous highly-significant documents that had never been disclosed. These included an internal memorandum from the line prosecutor to the chief of the Rackets Bureau summarizing Tom's underlying (and undisclosed) criminal behavior which contradicted his trial testimony, the nature of his cooperation in the Su case, and the importance of his testimony to the conviction; numerous pages of handwritten notes by the assistant district attorney handling the case, including notes referring to the Tom cooperation against Su and notes about each court appearance in the Tom prosecution; summaries of witness statements anticipated to be repeated in the grand jury; and additional documents.

  Once it became apparent that plaintiff could no longer trust the completeness of the disclosure by the Queens D.A.'s Office to the Corporation Counsel, I requested of Mr. Graziadei the opportunity to inspect the D.A.'s file in the Su prosecution, and he handed the matter to his successor counsel, Mr. Gertzer. Mr. Gertzer has communicated to me his position that such an inspection would be "unduly burdensome" and that certain documents in the file might be privileged. Notably, predecessor counsel did not raise any issues related to privilege with respect to the file of Jeffrey Tom and, as noted above, agreed to produce any document we requested from the Su prosecution from the "complete" list he provided. It is thus not clear what valid claim of privilege Mr. Gertzer has in mind or that any such claim has not already been waived. (Mr. Gertzer has agreed to consider my request for production of some documents on Mr. Graziadei's list.)

  Certainly, the logic of the court's prior ruling permitting us to inspect the Jeffrey Tom file has even more force with respect to the file concerning plaintiff. If there were internal memoranda reporting to supervisors, handwritten notes of witness interviews and events in the case, and other documents in the prosecution file for Jeffrey Tom for attempted grand larceny, surely such documents can be expected to have been created in the far more significant attempted murder trial of Mr. Su. Yet,

LAW OFFICES OF
# JOEL B. RUDIN

Honorable Cheryl L. Pollak
April 17, 2008
Page 3

Mr. Graziadei's list does not mention any internal memoranda or any notes. The knowledge of the Su prosecutors of Jeffrey Tom's criminal background, the terms of his cooperation agreement in his own case, and the fact that he had lied in the Su trial, is crucial to plaintiff's claim, and only the inspection we request will resolve whether such documents exist and must be disclosed or possibly have been destroyed or removed, and will permit the undersigned to sufficiently understand the Office's record-keeping in this matter in order to permit appropriate questioning at the upcoming depositions.

Respectfully submitted,

Joel B. Rudin

JBR/tp

cc: Michael K. Gertzer, Esq.
    Assistant Corpotation Counsel