UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
SHIH WEI SU,

                      Plaintiff,                          **O R D E R**

     - against -                          06 CV 687 (RJD)

CITY OF NEW YORK,

                    Defendant.
--------------------------------------------------------X

       Presently before the Court are two motions related to discovery in the above-captioned

case:

## I. DISTRICT ATTORNEY AND COURT RECORDS

       Pursuant to a conference before this Court on January 9, 2008, plaintiff Shih Wei Su

("Su") submitted proposed Orders directing the disclosure of records relating to co-defendants of

Jeffrey Tom ("Tom"), who testified against Su during Su's criminal trial.  Specifically, plaintiff

requested the files from the Queens County District Attorney's Office ("District Attorney") and

from the Criminal and Supreme Courts, Queens County of three individuals arrested with Tom

for criminal activity occurring between December, 1990 and February, 1991.  On January 28,

2008, this Court Ordered these records to be produced for *in camera* review.  Having reviewed

these files and considered the parties' arguments at the April 21, 2008 conference before this

Court, the Court Orders defendant the City of New York (the "City") to produce the documents

corresponding to the following Bates numbers bearing the prefix "NYCIC":[1]

---

[1]The Court notes that many of the documents contained in both the District Attorney and
state court files are duplicates or are of the type of document that is responsive to plaintiff's
request but relate to individuals not named in the January request.  In the case of duplicate

0157
0196 - 0197
0220
0230 - 0231
0274 - 0284

Defendant is Ordered to produce these documents by May 5, 2008.

In addition, counsel may pick up copies of the following documents from the sealed court file in this Court's chambers:

Calendar sheets
Information pertaining to Tom's bail reduction
Information pertaining to Tom's probation.

## II. ORDER TO SHOW CAUSE

### A. Factual and Procedural Background

The factual and procedural background of this case is set forth more fully in this Court's Order of September 6, 2007 and in the parties' submissions in connection with the Order to Show Cause, but the Court includes the relevant history here. On April 9, 2008, the Court issued an Order to Show Cause why defendant and the District Attorney should not be compelled to disclose Grand Jury minutes ("Minutes") relating to People v. Jeffrey Tom, et al., Queens County Indictment No. 958-91. Tom was the prosecution's principal witness against Su during Su's criminal trial in 1991. (Rudin Decl.[2] ¶ 3). At Su's trial, Tom testified falsely that he had not

documents, the Court has Ordered production of the most legible copy. The Court has directed the production of documents relating only to the three individuals requested by plaintiff.

[2]Citations to "Rudin Decl." refer to the Declaration of Joel B. Rudin, Esq. in Support of Order to Show Cause, dated February 15, 2008.

received favorable treatment from the District Attorney in consideration for his testimony against Su; that his involvement in the Green Dragons, a youth gang, was less than it actually was; and that his relevant criminal history was also less than it actually was. (Id. ¶¶ 4, 6, 15-16).

In 2003, after Su had served 12 years in prison, the Second Circuit granted Su's petition for habeas corpus, finding that the prosecutor had improperly elicited Tom's false testimony, to Su's prejudice. Su v. Filion, 335 F.3d 119, 130 (2d Cir. 2003). In 2006, plaintiff filed this civil suit under 42 U.S.C. § 1983, seeking damages for violations of his due process rights, based, inter alia, on the District Attorney's withholding of favorable evidence and its presentation of false evidence at trial. (Compl.[3] ¶¶ 71-86). Although the case has been pending for over two years, numerous delays in the complex course of discovery have occurred, and the parties have yet to begin depositions.

In seeking production of the Minutes, plaintiff argues that it was only through civil discovery in this case that the full extent of Tom's false testimony became known, and that disclosure of the Minutes is necessary because the Minutes "constitute the *res* of [Su's] due process claim, since they constitute the very wrongfully-withheld evidence that contributed to his wrongful conviction and sentence." (Rudin Decl. ¶ 14, 16, 18, 22; Pl.'s Mem.[4] at 2). Su contends that the Minutes should have been disclosed during his criminal trial as exculpatory material under Brady v. Maryland, 373 U.S. 83 (1963), or as Rosario material, namely, as "written or recorded 'statements made either directly by the witness who testified in the

---

[3]Citations to "Compl." refer to plaintiff's Complaint, filed February 16, 2006.

[4]Citations to "Pl.'s Mem." refer to Plaintiff's Memorandum of Law in Support of His Motion for Disclosure of Grand Jury Minutes, filed February 19, 2008.

proceedings or by someone who heard the witness speak.'" (Pl.'s Mem. at 3 (citing <u>People v.</u> <u>Williams</u>, 165 A.D.2d 839, 841, 560 N.Y.S.2d 220, 221-22 (2d Dep't 1990))). Plaintiff further asserts that because the Minutes form the essence of his claim, his "particularized need" for disclosure outweighs any interest in keeping the seventeen-year-old Minutes confidential. (<u>Id.</u> at 7).

In response, the City argues that plaintiff's request for the Minutes must be directed to the court that supervised the grand jury before this Court may rule on it. (Def.'s Opp.[5] at 4). Defendant further contends that even if plaintiff's request were properly before this Court, plaintiff has failed to show the sufficiently particularized need for disclosure of the Minutes that is required to outweigh the public interest in the continued secrecy of the Minutes. (<u>Id.</u> at 5). Defendant argues that given that plaintiff is already aware of the substance of Tom's criminal involvement, any information in the Minutes would be cumulative. (<u>Id.</u> at 7-8).

Plaintiff, in reply, argues that federal courts retain discretion to determine whether to require a party seeking grand jury minutes to apply first to state court, and he asserts that the federal court "always retains the ability to order the disclosure, irrespective of the State court's decision." (Pl.'s Reply[6] at 1). Plaintiff contends that in this situation, the lengthy delays in discovery, which plaintiff attributes to defendants, as well as this Court's familiarity with the underlying issues in the case, weigh strongly in favor of the Court's exercising its discretion to decide plaintiff's application. (<u>Id.</u> at 2).

---

[5]Citations to "Def.'s Opp." refer to Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Disclosure of Grand Jury Minutes, filed April 17, 2008.

[6]Citations to "Pl.'s Reply" refer to plaintiff's reply Letter of April 18, 2008.

B.  Discussion

The Court notes at the outset that although New York statutory law ensures the secrecy of

the grand jury and restricts disclosure of the "nature or substance" of any grand jury testimony,

N.Y. Crim. Proc. L. § 190.25(4), discovery and issues of privilege are governed by federal law in

this case.  See Fed. R. Evid. 501; Von Bulow v. Von Bulow, 811 F.2d 136, 141 (2d Cir. 1987);

King v. Conde, 121 F.R.D. 180, 187 (E.D.N.Y. 1988).  Federal-state comity instructs that the

Court consider the applicable New York secrecy rules.  As such, courts have required parties in

plaintiff's situation first to direct a request for grand jury minutes to the state court that

supervised the grand jury proceeding.  See, e.g., Wilson v. City of New York, No. 06 CV 229,

2007 WL 4565138, at *2 (E.D.N.Y. Dec. 21, 2007); McCrary v. Hillman, No. 06 CV 3048, 2007

WL 2782744, at *1 (E.D.N.Y. Sept. 24, 2007); Scheiner v. Wallace, No. 93 CV 0062, 1995 WL

753931, at *2 (S.D.N.Y. Dec. 19, 1995).  In addition, a party seeking disclosure of grand jury

minutes must demonstrate "particularized need" for the minutes, namely:  "that (a) the material

sought is needed to avoid a possible injustice, (b) the need for disclosure is greater than the need

for secrecy, and (c) the request is structured to cover only material so needed."  Scheiner v.

Wallace, 1995 WL 753931, at *5 (citing Cullen v. Margiotta, 811 F.2d 698, 715 (2d Cir.), cert.

denied, 483 U.S. 1021 (1987)).

1.  Propriety of This Court's Adjudication of Plaintiff's Request

Although the City argues that plaintiff's request must be denied because it was not first

directed to the state court, Su correctly points out that this Court retains discretion to order the

disclosure of the Minutes itself.  The Court is cognizant of the relevant state rules restricting

disclosure of information related to a grand jury proceeding.  However, "these rules should never

be permitted to 'frustrate the important federal interests in broad discovery and truth-seeking and the interest in vindicating important federal substantive policy such as that embodied in section 1983.'" Cruz v. Kennedy, No. 97 CV 4001, 1997 WL 839483, at *1 (S.D.N.Y. Dec. 19, 1997) (citing King v. Conde, 121 F.R.D. at 187). Indeed, the Supreme Court has held that although "in general, requests for disclosure of grand jury transcripts should be directed to the court that supervised the grand jury's activities," in certain instances, the court supervising a related civil case will be "armed with . . . special knowledge" justifying the issuance of an order disclosing the minutes. Douglas Oil Co. of Cal. v. Petrol Stops Northwest, 441 U.S. 211, 226, 230 (1979). In such cases, the Court noted that the court supervising the grand jury "cannot weigh in an informed manner the need for disclosure against the need for maintaining grand jury secrecy." Id. at 226.

This is such a case. Although it is this Court's standard practice to direct parties in plaintiff's position to state court, several factors set this case apart from others the Court has supervised and from the case law in this district. First, unlike the cases cited by defendant, many years – seventeen – have elapsed since the grand jury in Tom's case was empaneled. Such a long interval of time makes it highly unlikely that the state court judge supervising the grand jury proceedings remembers much of the case, if indeed the judge is still on the bench. This delay factor was simply not present in other cases in which courts have required parties to direct a request for grand jury minutes to the state court. See, e.g., Wilson v. City of New York, 2007 WL 4565138, at *2 (directing plaintiff to state court in December 2007 for a 2003 indictment); Ruther v. Boyle, 879 F. Supp. 247, 250 (E.D.N.Y. 1995) (directing plaintiff to state court in January 1995 in relation to events occurring in May 1993); Scheiner v. Wallace, 1995 WL

6

753931, at *2 and 832 F. Supp. 687, 690 (S.D.N.Y. 1993) (noting that plaintiffs were ordered to direct request for grand jury minutes to state court in November 1993 after grand jury returned indictment in March 1992).

In addition, this Court has supervised the complex and contested discovery in this case for nearly two years, and as a result has an intimate knowledge of the facts and how they are intertwined with Tom's case. Indeed, the Court has already issued numerous discovery-related Orders and has extensively reviewed *in camera* documents relating to Tom's arrest and subsequent proceedings before the state court. As noted above, discovery in this case has been subject to lengthy delays, and further delay is inevitable while the parties seek review of this matter in the state courts. Mr. Su served 12 years in prison based on what he contends was perjured testimony and he is understandably eager to pursue a vindication of his rights.

It is undisputed that if the Court were to require plaintiff to apply first to the criminal court for the Minutes and that court were to deny plaintiff's request, this Court would, upon the filing of a subsequent application, certainly have the ability to direct disclosure if otherwise warranted. See, e.g., Alvarado v. City of New York, No. 04 CV 2558, 2006 WL 2252511, at *2-3 (E.D.N.Y. Aug. 5, 2006); Scheiner v. Wallace, 1995 WL 753931, at *5. See also United States v. Doe, 760 F.2d 436, 439 (2d Cir. 1985) (noting that the "'ultimate resolution'" of a discovery motion in federal court "'cannot be placed in the hands of the state court'") (internal citation omitted). In light of this Court's conclusion at pp. 8-10, infra, that the Minutes should be disclosed, requiring Su first to direct his request for the Minutes to a state court judge with likely little knowledge of the Tom case and no knowledge of this civil case would be an exercise in futility. This unique case presents precisely the situation described by the Supreme Court in

Douglas Oil, in which the court who supervised the grand jury will have "no firsthand knowledge" of the relevant civil case and "cannot weigh in an informed manner the need for disclosure against the need for maintaining grand jury secrecy." 441 U.S. at 226. This Court, by contrast, is "armed with . . . special knowledge" both about the criminal case for which the Minutes are sought and the present civil litigation. See id. at 230.

    2. Particularized Need

Having concluded that Su's request for the disclosure of the Minutes is properly before this Court, the Court turns next to whether plaintiff has demonstrated "particularized need" for the Minutes. As for the first factor, whether the "material sought is needed to avoid a possible injustice," Scheiner v. Wallace, 1995 WL 753931, at *5, plaintiff argues that disclosure is necessary because the Minutes form the *res* of the lawsuit, necessary for him to pursue his claims. (Pl.'s Mem. at 8 (citing Dale v. Bartels, 532 F. Supp. 973, 977 (S.D.N.Y. 1982) and Palmer v. Estate of Stuart, No. 02 CV 4076, 2004 WL 2429806, at *4 (S.D.N.Y. Nov. 1, 2004))). Given that the basis of plaintiff's claim is the District Attorney's withholding of Brady material, plaintiff contends that to the extent that the Minutes contain such material, they are central to his claim. (Id.)

Defendant, in response, argues that Tom's prosecution has only limited relevance to Su's case, and that plaintiff is already in possession of any information from the District Attorney's files that would be in the Minutes, rendering them cumulative. (Def.'s Opp. at 7). In reply, plaintiff contends that unlike unsworn notes created by the police or District Attorney, any Brady material in the Minutes would consist of direct witness testimony given under oath. (Pl.'s Reply at 2).

8

The Court finds that, contrary to defendant's arguments, information in the Minutes is not cumulative and goes directly to the heart of plaintiff's claims in this case. As Su points out, any testimony by the Grand Jury witnesses that constitutes <u>Brady</u> material would have been sworn <u>and</u> elicited by the District Attorney, as opposed to contained in police reports or memoranda. Furthermore, the Second Circuit, in granting Su's habeas petition, found it necessary to rely only on Su's claim that the prosecution knowingly elicited false testimony against him, and thus did not pass on Su's <u>Brady</u> claim, which plaintiff is tasked with proving in this case. <u>Su v. Filion</u>, 335 F.3d at 121. Although plaintiff is aware of the general nature of the Grand Jury witnesses' testimony, the context and form of any relevant material in the Minutes would be crucial to plaintiff's claims.

The second factor to be considered is whether "the need for disclosure is greater than the need for secrecy." <u>Scheiner v. Wallace</u>, 1995 WL 753931, at *5. In this regard, plaintiff asserts that there is no longer any need for secrecy in Tom's case, because the witnesses who testified before the Grand Jury are already known to Tom, and to plaintiff through disclosure in this case. (Pl.'s Mem. at 9). Plaintiff also notes that the lengthy period of time between the conclusion of Tom's criminal case and this case means that there should be no concerns with witness tampering or Tom's flight, among other concerns. (<u>Id.</u> at 9-10 (citing <u>Scheiner v. Wallace</u>, 1995 WL 753931, at *9)).

In its opposition, defendant cites the general concern of "maintain[ing] the integrity of the [grand jury] process" and the fact that Tom's case dealt with a gang, raising the possibility of future retaliation for testimony. (Def.'s Opp. at 9). The Court finds the latter concern to be minimal, in light of the Protective Order issued in this case and the length of time that has

9

elapsed since the witnesses provided their testimony.  As for defendant's general concern with grand jury integrity, this is a concern in every instance like this one, and defendant has not demonstrated it to be more pressing here than in other cases where courts have ordered disclosure of grand jury minutes.

Finally, the Court turns to the third concern – whether plaintiff's request is sufficiently narrowly structured.  Plaintiff notes that it seeks only potential <u>Brady</u> material from the two Grand Jury witnesses, and does not oppose this Court's *in camera* review of the Minutes to ensure that only the relevant material is turned over.  (Pl.'s Mem. at 10-11).

The Court finds that plaintiff's request is sufficiently tailored.  In light of the fact that the Court has taken the proper but unusual step of ordering the disclosure of the Minutes, however, the Court Orders the Minutes to be produced for this Court's *in camera* review by May 14, 2008.

**SO ORDERED**.

Dated: Brooklyn, New York
      April  *29*  , 2008

Cheryl L. Pollak
United States Magistrate Judge